1 David R. Flyer, Bar #100697
Raquel Flyer Dachner, Bar #282248
2 **FLYER & FLYER, A Professional Law Corporation**
4120 Birch St., Ste. 101
3 Newport Beach, CA 92660
(949) 622-8445
4 (949) 622-8448 (fax)
davidflyer@flyerandflyer.com
5 raquelflyer@flyerandflyer.com

6 Attorneys for Plaintiff
MATTHEW COMPTON
7

8              IN THE UNITED STATES DISTRICT COURT FOR

9        THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11 MATTHEW COMPTON,                    )  Case No. 8:24-cv-1609
                                       )
12           Plaintiff,                )  **COMPLAINT FOR DAMAGES**
                                       )  **BASED ON:**
13 vs.                                 )
                                       )  **1. PROMISSORY FRAUD, AND**
14 SWIFT TRANSPORTATION CO. OF         )  **2. BREACH OF CONTRACT**
   ARIZONA, LLC, a Delaware Limited    )
15 Liability Company, and DOES 1 TO 10,)  **PLAINTIFF DEMANDS TRIAL**
                                       )  **BY JURY**
16           Defendants.               )
                                       )
17 _____ )

18 TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

19                        **<u>EXECUTIVE SUMMARY</u>**

20        Plaintiff MATTHEW COMPTON, is 22 years-old. Pursuant to an online

21 advertisement, he applied to attend Defendant SWIFT TRANSPORTATION CO. OF

22 ARIZONA, LLC's (hereinafter, "SWIFT") Commercial Driver's License (CDL)

23 Program with the promise of future employment with SWIFT. After extensive written

24 and oral communications with SWIFT, completing all the required paperwork,

25 providing all the required documentation to SWIFT, and submitting to medical

26 examination which he passed, Plaintiff was accepted to SWIFT's CDL training

27 course.  Plaintiff signed an agreement committing to work for SWIFT for two years,

28 in exchange for receiving instruction in their training course. SWIFT informed

                                    -1-

[C:\ALL FILES\A2074\Drafts\Complaint-04pldrev.wpd]

1  Plaintiff that costs of lodging would be advanced by SWIFT with the expense
2  reimbursed to SWIFT by deducting $50.00 from each of his paychecks. After
3  completion of the course, Plaintiff was promised he would earn approximately
4  $650.00 per week while driving with a mentor. He was told that after the mentorship
5  was completed he would earn approximately $.62 per mile, with promise of 100,000
6  miles per year.

7      On Friday June 28, 2024, Plaintiff received an email from SWIFT confirming
8  that he should arrive at the hotel provided for him on Sunday June 30, 2024 and start
9  class on Monday July 1, 2024. After receiving confirmation of his class, Plaintiff
10 resigned from his full-time job at Massimo.

11     As instructed by SWIFT, Plaintiff arrived at the hotel designated by Defendant
12 on Sunday, June 30, 2024. The hotel staff were expecting him.  He checked into class
13 on Monday July 1, 2024. The instructor was expecting him. His name was on the
14 classroom roster. That same day, July 1st, Plaintiff received a phone call from a
15 SWIFT representative saying they could not continue with the training course.  He
16 was instructed to leave class and check out of the hotel.  The reason given for
17 termination was "holistic review." Plaintiff was justifiably shocked to be taken out of
18 the classroom after completing all the requirements for SWIFT and signing an
19 agreement with SWIFT.  He lost income due to resigning from his full time job based
20 on SWIFT's false promises.  He incurred out-of-pocket expenses which were not
21 reimbursed by SWIFT, and he suffered foreseeably serious emotional distress.

22                    **JURISDICTION AND VENUE**

23     1.    This civil action arises under California law.

24     2.    This Court has diversity jurisdiction where Plaintiff is a citizen of
25 California and Defendant is a citizen of Delaware, headquartered in Arizona, and the
26 amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. §1332(a).

27     3.    This Court has personal jurisdiction over Defendant, because SWIFT is a
28 Delaware Limited Liability Co. SWIFT entered into an agreement with Plaintiff in

-2-

[C:\ALL FILES\A2074\Drafts\Complaint-04pldrw.wpd]

Orange County, California. SWIFT provides services in Orange County, California and recruits for its CDL program within California, and within the U.S. Central District of California, Southern Division, both online and through local agents and representatives.  All of the Defendants perform substantial business within this Judicial District.

4.    Venue properly lies within the U.S. Central District of California pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) because Defendants are subject to personal jurisdiction in this Judicial District as set forth above, and Plaintiff has been harmed by Defendant's conduct, as described below, in this Judicial District.

**PARTIES**

5.    Plaintiff is and at all times was a resident of Orange County, California.

6.    Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, is a Delaware Limited Liability Co., with principal place of business located at 2200 S. 75th Ave., Phoenix, Arizona, 85043, entered into an agreement for training and employment of Plaintiff here, has offices located in, and conducted substantial business within this Judicial District.  None of SWIFT's members are residents of California.  There is complete diversity jurisdiction.

7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff will amend this complaint to show such true names and capacities when he has ascertained the same.

8.    At all times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and was at all times herein mentioned acting within the course and scope of such agency and employment, and/or ratified the actions or omissions of each of the other Defendants. Plaintiff is further informed and believes, and thereon alleges, that each of the said Defendants is in some way responsible for the obligations hereinafter alleged.

-3-

[C:\ALL FILES\A2074\Drafts\Complaint-04pldrew.wpd]

# FACTUAL BACKGROUND

9.    Plaintiff is 22 years-old. He has a clean driving record. He worked as an Amazon Stocking conveyor from October 2023-March 2024 for $18/hour. Then he worked at Massimo Manufacturing where he made $18/hour. He also works on a part-time basis with an average 8-hours a week, for Nu-Care Inc., which is a home care agency, and receives $17/hour.

10.    On June 22, 2024, after applying online for training and employment, Plaintiff received a message from MonaLisa Chambers, a SWIFT Driver Recruiter, stating:

> This is MonaLisa, your Driver Recruiter here at Swift Transportation.
>
> I received your information and will be reaching out soon to chat about the opportunities you may qualify for!
>
> Want to speed up the process and get rolling faster? Please complete the full application here.
>
> If you have any questions, feel free to give me a call on my direct line at 602-477-3503.
>
> Looking forward to speaking with you!

12.    On June 26, 2024, Plaintiff received a message from Ms. Chambers through "Pulse," which is a messaging tool that allows carriers to communicate with drivers. She wrote that she would "love to talk with you about the opportunities we have for you here at SWIFT" and instructed him to complete the full driver application. Plaintiff completed the full application.

13.    On June 26, 2024, Plaintiff received a Pulse message from "Isabel @ Swift Transportation Co. of Arizona, LLC" that stated: "I'm reaching out to get your Pre-employment screening scheduled." On the same date he received from SWIFT three separate messages asking Plaintiff to view his Motor Vehicle Record ("MVR"), his "DriverIQ Employment," and the Commercial Driver's License Information System ("CDLIS") a nationwide computer system that enables state driver licensing agencies to ensure that each commercial driver has only one driver license and one

-4-

[C:\ALL FILES\A2074\Drafts\Complaint-04pldrew.wpd]

1    accurate driver record. Plaintiff completed these tasks.

2          14.    On June 26, 2024, Plaintiff received an email from SWIFT stating that

3    "Prerequisites [were] Met" by Plaintiff, and advising Plaintiff to complete the

4    "Academy Conditional Offer Letter Schedule" and the "Academy Conditional Offer

5    Letter Scheduled" by July 3, 2024.

6          15.    On June 26, 2024, Plaintiff received an email from SWIFT stating that

7    Plaintiff's "Prerequisites [were] Met" and advising Plaintiff to complete the "Success

8    Plan - Test (Internal)" and "Success Plan (RCS)" by July 3, 2024.

9          16.    On June 26, 2024, Plaintiff received an email from SWIFT stating that

10   Plaintiff's "Prerequisites [were] Met" and advising Plaintiff to complete the "WOTC

11   Disclaimer" by July 3, 2024.

12         17.    On June 26, 2024, Plaintiff received an email from SWIFT stating that

13   Plaintiff's "Prerequisites [were] Met" and advising Plaintiff to complete "WOTC

14   Docs" and "WOTC (Hiretech) Form" by July 3, 2024.

15         18.    On June 27, 2024, Plaintiff received an email from SWIFT stating that

16   Plaintiff's "Prerequisites [were] Met" and advising Plaintiff to complete the "Virtual

17   Class Packet" and "Fontana CDL Permit & ELDT" by July 4, 2024.

18         19.    On June 26 and 27, 2024, Plaintiff received five emails from SWIFT to

19   complete tasks on Driver Pulse.

20         20.    On June 26, 2024, Plaintiff received an email from Ms. Chambers

21   stating:

22              Thank you for taking time to speak with me today! I know
                that was a lot of information, so below are a few details for
23              you to review. Give me a call at 602-477-3503 if you have
                any questions at all.
24
                Few Details:
25              •       Required to obtain your CDL permit and DOT
                Physical
26              •       Assistance with transportation to academy is
                available if needed
27
                •       Housing is also available during your time at
28              academy

-5-

[C:\ALL FILES\A2074\Drafts\Complaint-04pldrew.wpd]

1    • Class is normally 4 weeks, depending on academy and state testing

2    • Upon graduation we will have a mentor ready for you to start your behind the wheel training

3    • When you successfully complete training and you will get your own truck!

4
Few PERKS of Swift:

5    • Benefits Available after 60 days of Driving

     • Rider program available for anyone over 12yrs old

6    • You will qualify for Local/Dedicated once you have 3 months experience

7    Our next step is to secure your seat in class so give me a call when you are ready to finalize your start date! Don't wait

8    too long - our seats fill up fast! You can reach me at 602-477-3503.

9

10   21.    On June 26, 2024, Plaintiff received an email from Isabel Garcia stating:

11          My name is Isabel Garcia and I'm your Student Services Coordinator.

12          I will be reaching out to you soon in order to welcome you and prepare you for your arrival.

13          If applicable, I'll be scheduling you for your DOT Prescreening which includes a physical and drug screen.

14          In the event you may already have a DOT physical, you may be asked to take another one if it wasn't taken at one of our approved

15   clinics.
          I will also be verifying your employment history. If I am unable to

16   verify your employment within the past 3 years, please ensure that you are able to access any W2's/paystubs to provide to me.

17          • If you were Self Employed/Business Owner, I will need 1099's, or a Business License for the last 3 years.

18          • If you worked for Uber/Uber Eats, Grub Hub, Lyft, Door Dash, please be ready to provide me with your earnings statement.

19          Please save my phone number and email address so you will recognize when I'm trying to reach you.

20   If you call me and I'm unable to answer, please leave me a voicemail and I will reach out to you asap.

21   I do typically respond quicker by email or text due to high call volumes.
     I look forward to speaking to you. Thank you for your time!

22

23   22.    On June 26, 2024, Plaintiff emailed Ms. Garcia back that he would get

24   his college transcripts and advising that Friday after 1:30 p.m. would work best for

25   him for the Pre-Employment screening.

26   23.    On June 26, 2024, Plaintiff received an email from Barb Predmore, a

27   Swift Academy Coordinator attaching a YouTube video entitled "Swift Commercial

28   Learners Permit Class."

COMPLAINT

[C:\ALL FILES\A2074\Drafts\Complaint-04pldrew.wpd]

24.    On June 26, 2024, Plaintiff received a voice mail from "Barbara . . . from swift transportation" stating: "I'm calling to confirm that you will be joining us on Monday the first for your training in obtaining your class a license for your permit do you have any questions or concerns get a hold of Mona Lisa and or Isabel you're recruiter and processor . . ."

25.    On June 26, 2024, Plaintiff received an email from Ms. Garcia stating that she needed Plaintiff' college transcripts so that she could complete his verification process.

26.    On June 27, 2024, Plaintiff received an email from Ms. Garcia stating "Please send your unofficial transcripts here. Thank you." Plaintiff responded: "Awesome. I can't gain access to my Irvine Valley student account to get you the unofficial transcript. Is there any other form that will work?" Ms. Garcia responded that same day: "OK let me ask if its ok to close it with out anything Ill let you know thank you."

27.    On June 27, 2024, Plaintiff received a message from "MonaLisa @ Swift Transportation Co. of Arizona, LLC", asking Plaintiff to call her back. Plaintiff spoke with MonaLisa on the telephone, he had completed all of the required tasks through Pulse. MonaLisa explained the agreement to work for SWIFT for two years in exchange for the training program. The written agreement was provided to Plaintiff through Pulse.

28.    On June 27, 2024, received an email from Ms. Garcia stating: "Hello Again Matthew Compton! Thank you for speaking with me. I have attached the instructions to get you set up in CerteDrive. Take a look and let me know if you need anything else."

29.    On June 27, 2024, Plaintiff received an email from Ms. Garcia stating: "Attached you will find your Pre-Screening Appointment Details.  Note - If you are getting a new Physical please make sure to update your DMV and mark 'Non-Excepted Interstate' as your Self Certification." Also, the June 27, 2024 letter

COMPLAINT

from Ms. Garcia, a SWIFT Student Services Associate, entitled "Pre-Screening Appointment & Authorization," arrived. The letter instructed him to go to Sunrise Multispecialist Medical Center on June 28, 2024 between 8:00 am and 3:00 pm., to complete a Department of Transportation (DOT) Physical, and a NON-DOT Hair Test. Plaintiff completed the requirements and passed both tests.

30.    On June 28, 2024, Plaintiff received an email from Ms. Chambers stating. "Thanks again for speaking with me, Matthew! I have you confirmed for our virtual class on 2024-07-01. You will be receiving another email the day before class starts with your class log in information, make sure to keep an eye out for it. Review and download the Virtual Class Welcome Letter! Click here to do so." The class was described as "virtual" because the instructor for the first week of class was simultaneously teaching Plaintiff's virtual class in Fontana with an in-person class in Phoenix. Even though the first week was virtual, Plaintiff was still required to arrive at the SWIFT terminal in Fontana, with in-person classes to start the following week.

31.    On June 28, 2024, Plaintiff received an email from Ms. Chambers stating "Attached to this email is your ACADEMY INFO SHEET for our PROGRAM."

32.    Plaintiff received a SWIFT Transportation Course Welcome Letter for the Fontana, California Training Program. The letter advised Plaintiff to go to SWIFT Transportation, 14392 Valley Blvd., Fontana, CA 92335 and to stay at a the Quality Inn Ontario Airport, 514 North Vineyard Ave., Ontario, CA 91764. The training program was scheduled for 20 business days; off on weekends. Upon completion of the program, there would be an additional 5 days to prepare for and to take the CDL test.

33.    On Friday June 28, 2024, Plaintiff received an email confirming that he should arrive at the hotel provided for him on Sunday June 30, 2024 and start class on Monday July 1, 2024.

34.    On July 1, 2024, Plaintiff received an email from "Swift CDL Training Academy" stating: "Congratulations on taking your first step to enrolling in Swift

COMPLAINT

[C:\ALL FILES\A2074\Drafts\Complaint-04pldrew.wpd]

CDL Training Academy CDL Program. If you have any questions during your application process please reach back out to us. Please click the button below to create your account in CDL PowerSuite."

35.    Plaintiff passed all of SWIFT's requirements and passed all of the required tests. Based on SWIFT's representations that he had been accepted into the program, that there was a spot waiting for him, that he was instructed to show up and register at the hotel and attend classes, and that he had signed an agreement committing to work for SWIFT for two years, in exchange for their training course, Plaintiff quit his employment at Massimo. At no point did SWIFT advise Plaintiff that they would rescind their offer after he showed up at the training program. However, after Plaintiff did all of the foregoing, SWIFT called him out of his first day of class telling him that SWIFT could not continue with his training.  He was instructed to leave class and check out of the hotel.  The reason given for termination was "holistic review."

## FIRST CLAIM:  PROMISSORY FRAUD

### Against All Defendants

36.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 35 as though fully set forth herein.

37.    SWIFT made a promise to Plaintiff that if he committed to work for SWIFT for two years, he would receive the CDL commercial truck training course, a necessary predicate to becoming a professional truck driver.

38.    SWIFT did not intend to perform the promise of providing schooling and a job when it made the promise, because Defendant waited for Plaintiff to complete all of the application steps, submit to medical examination which he passed, resign from his employment at Massimo, and travel to the hotel and designated class site before informing him they would no longer honor their promise.  SWIFT typically over-subscribed its training classes, expecting some students and prospective employees to fail to show.  SWIFT was concerned only with filling the class and

COMPLAINT

[C:\ALL FILES\A2074\Drafts\Complaint-04pldrew.wpd]

1   could have cared less about the devastating interruption caused in the lives of its

2   trainees and prospective employees.

3       39.    SWIFT intended for Plaintiff to rely on the promise of professional

4   driver training and employment, by exchanging over 25 emails, requesting Plaintiff

5   complete requirements – which he passed – and never informing him that there were

6   any problems with his application.  SWIFT's motive for promising schooling and a

7   job was due to over subscribing the class. SWIFT solicited more people than it could

8   fill because it did know how many students would not show up.

9       40.    Plaintiff reasonably relied on Defendant's promise, because he signed a

10  contract with SWIFT, its representatives gave him a date, time and location of where

11  to show up for his first day of class, and SWIFT confirmed his enrollment.

12      41.    SWIFT did not perform the promised act because its representatives took

13  Plaintiff out of his classroom after he was already on the registered class list.

14      42.    Plaintiff was harmed because not only did he put in substantial efforts to

15  attend Defendant's CDL program, he also resigned from his employment at Massimo.

16      43.    Plaintiff's reliance on Defendant's promise was a substantial factor in

17  causing his harm.  The harm suffered included loss of Plaintiff's existing

18  employment, time off work due to working on Defendant's requirements, loss of

19  training and prospective employment as a professional truck driver, out-of-pocket

20  expenses, and other damages.

21      44.    The acts of SWIFT were callous, malicious, and calculated to deprive

22  Plaintiff of his property rights.  SWIFT committed fraud, within the meaning of Civil

23  Code §3294(c)(3), by intentionally promising training and a job as a professional

24  truck driver when it knew that the promises were made to far too many applicants to

25  enroll all of them in the training class.  SWIFT cared only about its bottom line of

26  having a full class, and not about the ruinous harm caused to applicants who had

27  wasted time, energy, and money.  SWIFT's indifference to the rights of others who

28  were summarily terminated from class for the same reason as Plaintiff is described by

COMPLAINT

[C:\ALL FILES\A2074\Drafts\Complaint-04pldrew.wpd]

numerous other applicants on social media and other available internet sources. There is a pattern of fraudulent and wrongful conduct demonstrated by SWIFT which supports imposition of punitive damages.

## SECOND CLAIM:  BREACH OF WRITTEN CONTRACT

### Against All Defendants

45.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 44 as though fully set forth herein.

46.    Plaintiff and SWIFT entered into a written contract wherein Plaintiff would work for SWIFT for two years in exchange for receiving training as a professional truck driver in SWIFT's CDL program.

47.    Plaintiff performed all that the acts which the contract required him to do, he completed all of the prerequisites, passed the medical examination and Department of Transportation (DOT) physical and drug test, submitted all of the required documents, timely showed up to the training program, and was ready and willing to work.

48.    Defendant failed to do what the contract required because it removed Plaintiff from the classroom after instructing him to attend and without any valid grounds for removing him.

49.    Plaintiff was harmed because he resigned from his full-time job at Massimo to attend Defendant's training program, in anticipation of the promised two-year employment. Further, his hopes and dreams of receiving the training and starting a truck driving career were dashed.

50.    Defendant's breach of contract was a substantial factor in causing Plaintiff's harm.

Wherefore, Plaintiff prays for:

1.    Economic damages of at least $ 200,000.00;

2.    General, special and non-economic damages of at least $2,000,000.00;

3.    Punitive damages under Civil Code §3294;

-11-

[C:\ALL FILES\A2074\Drafts\Complaint-04pldrew.wpd]

1    4.    Attorney's fees by statute, and costs;

2    5.    For prejudgment interest;

3    6.    For such further relief as may be proper.

4                                          Respectfully submitted,

5                                          FLYER & FLYER, A PROFESSIONAL
                                           LAW CORPORATION
6

7    Dated: July 22, 2024        By: _____
                                          David R. Flyer
8                                          Raquel Flyer Dachner
                                           Attorneys for
9                                          Plaintiff MATTHEW COMPTON

10   **PLAINTIFF DEMANDS TRIAL BY JURY**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

COMPLAINT